

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00171-CR

**DWAYNE LOUIS MORNING,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 278th District Court**
**Walker County, Texas**
**Trial Court No. 22361**

## MEMORANDUM OPINION

Dwayne Louis Morning pled guilty, without a plea bargain, to the offense of aggravated robbery. TEX. PENAL CODE ANN. § 29.03(a)(2) (Vernon 2003). The issue of punishment was tried to the court which assessed punishment at 18 years in prison. Morning filed a motion for new trial alleging ineffective assistance of counsel at the punishment phase of the trial. The motion was eventually denied without a hearing. Because the trial court did not abuse its discretion in failing to hold a hearing on the motion for new trial, and because Morning did not meet the standard for ineffective assistance of counsel, the trial court's judgment is affirmed.

Morning asks us to address his second issue first. In that issue, he contends he was denied the right to a hearing on his motion for new trial. When an accused presents a motion for new trial raising matters not determinable from the record, which could entitle him to relief, the trial court abuses his discretion in failing to hold a hearing. *King v. State*, 29 S.W.3d 556, 569 (Tex. Crim. App. 2000). But the effect of granting a motion for new trial is to restore the case to its position before the former trial. *Sorto v. State*, 173 S.W.3d 469, 490 (Tex. Crim. App. 2005). A trial court cannot grant a new trial as to punishment only. *Id*. Even if Morning's underlying claim of ineffective assistance of counsel had been meritorious, that claim deals only with the punishment phase. Thus, the trial court did not abuse its discretion in failing to hold a hearing on the motion for new trial in the instant case. Morning's second issue is overruled.

Moving to his first issue, Morning asserts that he was denied the reasonably effective assistance of counsel during the punishment phase of his trial. He points to various "failures" of trial counsel to support his claim. A defendant must show that: (1) counsel's performance was deficient to the extent that counsel failed to function as the "counsel" guaranteed by the Sixth Amendment and (2) that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984). To establish prejudice, a defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wiggins v. Smith*, 539 U.S. 510, 534, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003). Even if we were to assume *Strickland*'s first prong

was met, Morning failed to demonstrate with a reasonable probability, that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Harris v. State*, 34 S.W.3d 609, 618 (Tex. App.—Waco 2000, pet. ref'd). The second prong is not met. Accordingly, Morning's first issue is overruled.

Having overruled each issue on appeal, the trial court's judgment is affirmed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Reyna, and
      Justice Davis
Affirmed
Opinion delivered and filed February 11, 2009
Do not publish
[CR25]